Affirmed in Part, Reversed and Remanded in Part, and Majority and
Concurring Opinions filed January 13, 2009








Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring
Opinions filed January 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00330-CV

_______________

 

TARA PARTNERS, LTD., GRANADA TERRACE, LTD., DAVID R.
WISE, 1606 SAVANNAH LLC, WINDSOR GARDENS, LTD., AND FREEPORT VILLA BRAZOS
APARTMENTS, LTD., Appellants

 

V.

 

 

CITY OF SOUTH HOUSTON, Appellee

                                                                                                                                                

On Appeal from the 157th District Court


Harris County, Texas

Trial Court Cause No. 2005-14978

                                                                                                                                               


 

C O N C U
R R I N G   O P I N I O N

The
majority reaches the correct judgment.  However, I respectfully disagree with
some of the majority=s analysis under the first issue, as discussed below. 

 








                                                            Standard
of Review

We
review a trial court=s ruling on a plea to the jurisdiction de novo. Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
In discussing the standard of review, the majority does not distinguish clearly
between pleas to the jurisdiction in which the defendant challenges the
pleadings and pleas to the jurisdiction in which the defendant challenges the
existence of jurisdictional facts.[1] 








When a
party has filed a plea to the jurisdiction challenging the pleadings, a
reviewing court  must construe the pleadings liberally in favor of the pleader
and look to the pleader=s intent.  See Miranda, 133 S.W.3d at 226.  If the
facts alleged affirmatively demonstrate the trial court=s jurisdiction to hear the cause, the
plea to the jurisdiction must be denied.  See id.  If the
pleadings do not contain sufficient facts to affirmatively demonstrate the
trial court=s jurisdiction, but do not affirmatively demonstrate incurable defects in
the jurisdiction, the issue is one of pleading sufficiency and the plaintiffs
should be afforded the opportunity to amend.  See id.  If the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing an opportunity to amend.  See
id. at 227.              If in its plea to the jurisdiction a party
challenges the existence of jurisdictional facts, the reviewing court considers
relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do.  See id. 
If the evidence creates a fact question regarding the jurisdictional issue,
then the plea to the jurisdiction must be denied.  See id. at 227B28.  However, if the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, then the court rules on the plea to the jurisdiction as a matter of
law.  Id. at 228.  In ruling on a plea to the jurisdiction, a court does
not consider the merits of the parties= claims.  See id. at 226B28; County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002).  In its plea to the jurisdiction, appellee The
City of South Houston (the ACity@) challenged the pleadings of appellants Tara Partners, Ltd.,
Granada Terrace, Ltd., David R. Wise, 1606 Savannah LLC, Windsor Gardens, Ltd.,
and Freeport Villa Brazos Apartments, Ltd. (collectively ARatepayers@).

                    The
Commission does not have exclusive appellate jurisdiction.

As to
the first issue, the majority correctly concludes that the legislature has not
conferred exclusive appellate jurisdiction on the Texas Commission on Environmental
Quality (the ACommission@) over water and sewer rates a municipally-owned water and
sewer utility charges ratepayers residing within its corporate limits. 
However, the Aorders or ordinances@ language of section 13.042(d) and the language of section
13.042(f) are not helpful in this analysis.[2] 
Rather, under section 13.042(d), the Commission has Aexclusive appellate jurisdiction . .
. as provided in this chapter.@  See Tex.
Water Code Ann. ' 13.042(d) (Vernon 2008).  Under this section=s unambiguous language, the
legislature did not confer any appellate jurisdiction on the Commission in this
section; rather, the legislature introduced the concept of appellate
jurisdiction and referred to other parts of Chapter 13 of the Water Code, in
which the legislature confers appellate jurisdiction on the Commission, for
example, section 13.043(b). See Tex.
Water Code Ann. ' 13.043(b) (Vernon 2008).  The majority correctly points out
that the City=s proffered construction of section 13.042(d) would make section
13.043(b) meaningless and unnecessary.  Based on the plain language of the
Texas Water Code, this statute does not confer exclusive appellate jurisdiction
on the Commission over the rates charged by a municipally-owned utility to
rate-payers residing within its territorial boundaries. 

                   Under
the Texas Constitution, the district court has jurisdiction.








Under
the Texas Constitution, ADistrict Court jurisdiction consists of exclusive, appellate,
and original jurisdiction of all actions, proceedings, and remedies, except in
cases where exclusive, appellate, or original jurisdiction may be conferred by
this Constitution or other law on some other court, tribunal, or administrative
body.@  Tex. Const. art. V, ' 8.  Under the Texas Water Code, the
governing board of the City has exclusive original jurisdiction over all water
and sewer utility rates, operations, and services provided by a water and sewer
utility within its corporate limits.  See Tex. Water Code Ann. ' 13.042(a).  However, no statute
states that the governing board=s decisions are not appealable and no statute confers
appellate jurisdiction on the Commission or any other entity over the rates
charged by a municipally-owned utility to rate-payers residing within its
territorial boundaries.  Therefore, under the Texas Constitution, district
courts are vested with this appellate jurisdiction.  See Tex. Const. art. V, ' 8.  For this reason, the district court
has jurisdiction over the Ratepayers= first three claims in their third
amended petition and over their claim for declaratory judgment (sixth claim)
insofar as the Ratepayers request a declaration regarding rates, but not
insofar as they request a declaration regarding reimbursement for past amounts
paid or enforceability of the settlement agreement.

For the
reasons stated in this opinion, I respectfully concur in the court=s judgment.

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Panel consists of Justices
Frost, Seymore, and Guzman. (Seymore, J., majority).









[1]  See ante at pp. 5B6. 





[2]  See ante at pp. 9B10.